**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**CHARLYN D. MURRAY,**

               **Plaintiff,**               3:08cv-1143
                                                               (GLS-VEB)

              v.

**MICHAEL LEAVITT,**
Secretary of Health and Human Services,

               **Defendant.**
_____
**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Charlyn D. Murray
Pro Se
3097 Lone Pine Road
Schenectady, NY 12303

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     WILLIAM H. PEASE
United States Attorney              Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Charlyn D. Murray challenges the Secretary of Health and

Human Services' denial of Medicare Part B coverage under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) In a Report and Recommendation Order (R&R) filed November 23, 2009, Magistrate Judge Victor E. Bianchini recommended that the Secretary be granted judgment on the pleadings and that Murray's complaint be dismissed.[1] (Dkt. No. 21.) Pending are Murray's objections to the R&R. (Dkt. No. 22.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

## II. Background[2]

On November 8, 2006, Murray filed an application for Medicare Part B coverage under the Social Security Act. (*See* Pl. Br. at 3, Dkt. No.18.) After her application was denied, Murray requested a hearing before an Administrative Law Judge (ALJ), which was held on April 3, 2008. (*See id.* at 7.) On April 22, 2008, the ALJ issued a decision denying the requested benefits. (*See* Tr. at 20-26; Dkt. No. 12.) The Medicare Appeals Council affirmed the ALJ's decision on August 20, 2008. (*See* Tr. at 3-4.)

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (*See* Dkt. No. 21.)

[2] The court incorporates the factual recitations of the parties and Judge Bianchini. (*See* Dkt. Nos. 13, 18, 21; *see also* Admin. Tr., Dkt. No. 12.)

2

Murray commenced the present action by filing a complaint on October 23, 2008, seeking judicial review of the Secretary's determination. (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge Bianchini issued an R&R recommending dismissal of Murray's complaint.  (*See generally* R&R, Dkt. No. 21.)  In response, Murray filed objections to Judge Bianchini's R&R.  (*See* Dkt. No. 22.)

### III.  **Standard of Review**

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate

3

judge for clear error.  *See id.*

## IV.  Discussion

Murray raises several specific objections to the R&R, which the court will review de novo.

### A.  Outpatient services mistake

First, Murray objects to Judge Bianchini's findings that "this case concerns coverage under Part B because Plaintiff is seeking reimbursement for Outpatient services," arguing instead that the proper word is "inpatient."  (*See* Pl. Objections at 1, Dkt. No. 22.)  Murray further argues that she was "received, diagnosed and medically treated in the Emergency Room department as an inpatient on November 5, 2009 at Albany Medical Center."  (See *Id.* at 3.)  Thus, she claims that "being an inpatient at the time has a bearing on Medicare, sharing with New York State Health Insurance Program the costs of the operation, anesthesia and pathology for cancer diagnosis."  This objection is meritless.

Upon de novo review, the court adopts Judge Bianchini's conclusion that Murray failed to sign up for Medicare in sufficient time to have Medicare cover the medical expenses she incurred regardless of whether she sought inpatient or outpatient services.  Accordingly, the ALJ's decision

4

was supported by substantial evidence and R&R is adopted on this issue.

**B.   Notice**

Murray's next objection concerns lack of notice regarding the consequences of failing to apply for Medicare prior to her sixty-fifth birthday. She claims that she either received no information at all, or that any information she received was after the fact. As the ALJ and Judge Bianchini correctly point out, "the literature could certainly be clearer with regard to the consequences of signing up at certain times." (*See* R&R p.8; Dkt. No. 21.) However, as Judge Bianchini also noted, the notice Murray did receive did not have false or misleading information. The record reflects that the notice recommended in two places that the recipient apply for Medicare three months before her sixty-fifth birthday. (Tr. at 97, 101.) And, the notice warned that a delay in benefits may result from failing to apply to Medicare during that time period. (Tr. 101.) Thus, the decision of the ALJ was supported by substantial evidence and the R&R is adopted on this issue.

**C.   Enrollment Period**

Murray argues that the initial enrollment period should begin on her

5

actual birthday rather than from the first day of the month of her birthday. This objection is also without merit. As the ALJ correctly pointed out, the eligibility period is measured from the "first day of the first month" in which the claimant is entitled to benefits. *See* 42 C.F.R. §§ 406.10(b)(1), 407.14(a). (Tr. at 78.) Accordingly, since the decision of the ALJ was supported by substantial evidence, the R&R is adopted on this issue.

### D. <u>Leniency</u>

Murray generally seeks leniency. Unfortunately, this court is unable to grant her request. As the ALJ and Judge Bianchini point out, "equitable relief is available for a claimant whose 'nonenrollment in [Medicare Part B] is unintentional, inadvertent, or erroneous and is the result of the error, misrepresentation, or inaction of an officer, employee or agent of the Federal Government, or its instrumentalities.'" R&R at 10 citing 42 U.S.C. §§ 1395p(h) and 407.32. Here, nothing in the record demonstrates that the error was due to governmental "misrepresentation, or inaction of an officer, employee or agent." While this court sympathizes with Murray's situation, the law being clear, the ALJ's determination was supported by substantial evidence. Thus, the R&R is adopted in its entirety.

6

## V. Conclusion

Having addressed Murray's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Secretary is **AFFIRMED** and Murray's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
July 12, 2010

*/s/ Gary L. Sharpe*
United States District Court Judge